RECEIVED IN PRO SE OFFICE
APRIL 26, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

22-cv-2382(DG)(VMS)

VAN DOUGLAS WALKER and
IQUANE WRIGHT-WALKER,

                Plaintiffs,

   vs.

MIRBOURNE NPN 2 LLC; JUDGE NOACH DEAR, in his
official capacity; ADMINISTRATIVE JUDGE FOR
CIVIL MATTERS LAWRENCE KNIPEL, in his official
capacity; NEW YORK STATE ATTORNEY GENERAL
LETITIA JAMES, in her official capacity; CITY OF NEW
YORK; NEW YORK CITY DEPARTMENT OF FINANCE;
OFFICE OF THE SHERIFF OF THE CITY OF NEW YORK;
SHERIFF JOSEPH FUCITO, in his official capacity;
KINGS COUNTY SHERIFF'S DEPUTY JOHN DOE
1, in his individual and official capacities; KING
COUNTY SHERIFF'S DEPUTY JOHN DOE 2, in his
individual and official capacities; and OTHER
UNKNOWN KINGS COUNTY SHERIFF'S DEPUTIES
AND SUPERVISORS WHO RESPONDED TO
PLAINTIFF'S HOME ON OR ABOUT AUGUST 3, 2018
in their individual and official capacities,

                Defendants.

Civ. No.

COMPLAINT

JURY TRIAL DEMANDED

Gujarati, J.

Scanlon, M.J.

## PRELIMINARY STATEMENT AND FACTS

    1.     This is a Civil Rights complaint for declaratory, injunctive, and other appropriate

relief brought by Plaintiff, Van Douglas Walker (hereinafter "Walker" or "Plaintiff"), a United

States citizen, appearing *Pro Se*.  Walker brings this complaint for violations of his individual,

due process rights, and civil rights under the First, Fourth, Fifth, Sixth, Ninth and Fourteenth

Amendments to the United States Constitution, in violation of 42 U.S.C. 1983, 1985 and 1986;

Title VI of the Civil Rights Act; 42 U.S.C. §3601 et. seq. (Fair Housing Act Amendments of

1988, FHAA); Article I, sections 7, 11, and 12 of the New York State Constitution; New York

1

State Executive Law, Article 15 (Human Rights Law, Fair Housing); New York State Equal

Access to Justice Act, Chapter 439 of the Laws of 2015; Violation of NY RPL §265-a(2)(c) et.

seq. (Home Equity Theft Prevention Act); Violation of Federal Law 15 U.S.C. §§1635(a) and (i);

and breach of good faith and fair dealing.

2.      On or about November 13, 2014, Defendant Mirbourne NPN 2 LLC comme nced

a foreclosure action against Walker, among others, in Supreme Court of the State of New York,

County of Kings, Index No. 510700/2014.

3.      Plaintiff was and is the owner of the Property known as 494 Halsey Street located

in the City and State of New York, County of Kings, Block 1665, Lot 17 (hereafter the

"Property").

4.      On or about March 22, 2016, the parties entered into a Stipulation (hereafter the

"March 22, 2016 Stipulation" which was So Ordered by Defendant Judge Noach Dear on March

29, 2016).  In sum and substance, the March 22, 2016 Stipulation allowed the Property to be

sold, the mortgage paid off with the proceeds of said sale, and the foreclosure action ended.

Specifically, Plaintiff herein initially had six months to sell the Property.

5.      The March 22, 2016 Stipulation provided in part that, if Plaintiff herein did not

sell the Property within the six month time-period, Defendant Mirbourne would obtain title to the

property for the purpose of selling same in a reasonably commercial fashion.  The proceeds of

said sale would pay the full amount due under the note and mortgage, with any overage from the

sale exclusive of closing costs, attorney fees and realtor fees, to be remitted to the attorney trust

account.

6.      On August 3, 2018, the day of the primary incident giving rise to the claims in

this action, Plaintiff had owned the Property for 14-years.

2

7.     On August 3, 2018, Defendant Mirbourne sought to enforce the March 22, 2016 Stipulation through use of the office of the Defendant Sheriff of the City of New York (hereafter "NYCSO" (New York City Sheriff's Office)), and the Defendant Judge Noach Dear.

8.     The enforcement was outside of the authority of the Defendant NYCSO and Defendant Judge Noach Dear and beyond the boundaries of the March 22, 2016 Stipulation.

9.     The enforcement of the March 22, 2016 Stipulation by Defendant Mirbourne and the other Defendants of the March 22, 2016, stipulation was an illegal enforcement against Plaintiff and his family in that it was overbroad and violated, among other rights, Plaintiff's and his family's rights under New York State Executive Law, Article 15 (Human Rights Law, Fair Housing). Walker had a legitimate purpose for being on the premises of his own Property where he was the lawful owner until the Property was sold.

10.     Sheriff Deputies from Defendant NYCSO failed to prevent (1) the conspiracy of enforcement of a discriminatory eviction/trespass action, and (2) the breach of good faith and fair dealing against Plaintiff who was lawfully residing in his home on August 3, 2018 while he was trying to sell it.

11.     Defendant Mirbourne, with the assistance of Defendant Sheriff Deputies John Does 1 and 2 and other Deputies and Supervisors of Defendant NYCSO, physically and forcibly removed Plaintiff, his then 5-year-old Plaintiff daughter, and his then 20 year old Plaintiff son from their home, threatened to arrest Plaintiff without any legal basis or probable cause. Exigent circumstances were completely absent from the circumstances and Defendants, through their acts and omissions, violated Plaintiff's rights of privacy and security in his home, the Property, as well as the rights of his family present in his home. Specifically, Defendants violated Plaintiff's rights and those of his family secured to him and his family under the Fourth Amendment

[through the Fourteenth Amendment] through the United States Constitution, 42. U.S.C. §1983, and Article I, section 12 of the New York State Constitution.

## JURISDICTION AND VENUE

12.    This action is authorized by 42 U.S.C. §§§1983, 1985, and 1986; Title VI of the Civil Rights Act of 1964; and 42 U.S.C. 3601 et. seq. (Fair Housing Act Amendments of 1988, FHAA). Subject matter jurisdiction for Plaintiffs' federal claims rests upon 28 U.S.C. §§ 1331 and 1343(a)(4).  This court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

13.    Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court has jurisdiction to declare the rights of the parties and to grant all further relief deemed necessary and proper. Rule 65 of the Federal Rules of Civil Procedure authorizes injunctive relief.  The Court has authority to award costs and attorneys' fees under 42 U.S.C. § 1988.

14.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), as this is a district in which a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred.

## PARTIES

15.    Plaintiff Van Douglas Walker is the owner of the ("Property").

16.    Plaintiff  Iquane-Wright Walker is 25-years old and appears in this action as the adult son of Plaintiff Van Douglas Walker.  At all relevant times Plaintiff Iquane Wright- Walker was residing with his father.

17.    Defendant Mirbourne NPN 2 LLC (hereafter "Defendant Mirbourne"), at all times hereinafter mentioned was and is a Limited Liability Company duly organized and existing under the laws of Delaware, with a principal place of business as a foreign corporation in the

4

State of New York at C/o Auciello Law Group, P.C., 26 Court Street, 11th Floor, Brooklyn, New York 11242.

18.     Defendant Mirbourne is past due in its authorization to conduct business in the State of New York.

19.     Defendant City of New York (hereafter "Defendant NYC") is a municipal corporation duly incorporated and existing pursuant to the laws of the State of New York. The City has established and maintains the New York City Department of Finance and Office of the Sheriff of the City of New York as constituent departments or agencies of the City.

20.     Defendant New York City Department of Finance (hereafter "Defendant Department of Finance") is the revenue service, taxation agency and recorder of deeds of Defendant NYC.

21.     Defendant Office of the Sheriff of the City of New York (hereafter "Defendant NYCSO) is a division of Defendant Department of Finance, operating as an enforcement arm of same and handling investigations concerning real estate property deed fraud.

22.     The New York City Department of Finance has authority and oversight for Defendant NYCSO.

23.     Defendant Joseph Fucito is the Sheriff of the City of New York, with supervisory authority over all officers and operations of Defendant NYCSO, including responsibility for training, recruiting, and managing all Sheriff's Deputies, including those Sheriff's Deputies assigned to Defendant NYCSO located in Kings County, New York. He is sued here in his official capacity.

24.     Defendant NYCSO and its Deputies and Supervisors are Officers of the Court and one of the jobs of Defendant NYCSO is to serve and execute legal process issued by the State Courts.

25.     Defendant Kings County Sheriff's Deputy John Doe 1 is sued in his individual capacity and in his capacity as a Sheriff's Deputy of Defendant NYCSO.

26.     Defendant Kings County Sheriff's Deputy John Doe 2 is sued in his individual capacity and in his capacity as a Sheriff's Deputy of Defendant NYCSO.

27.     Plaintiff is unaware of the true names and capacities of Defendants Other Unknown Sheriff's Deputies and Supervisors who responded to Plaintiff's home on August 3, 2018, and therefore sues these defendants by fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend his complaint to state the names and capacities of such Defendants Other Unknown Sheriff's Deputies and Supervisors when they have been ascertained.

28.     Defendant Letitia James is Attorney General for the State of New York (hereafter "Defendant Attorney General James"), Chief Legal Officer of the State of New York and Head of the Department of Law of the State of New York, with authority and oversight over issues of Economic Justice, including fraud in the transfer of real property deeds. Defendant Attorney General James is sued here in her official capacity.

29.     Barbara Underwood was the New York State Attorney General at the time that the primary incident which precipitated this Complaint took place.  Defendant Attorney General James succeeded the then New York State Attorney General, Barbara Underwood.

30.   Defendant Judge Noach Dear is a Judicial Officer assigned to the New York State Supreme Court for Kings County (hereafter "Judge Dear"). He is sued here in his official capacity.

31.   Defendant Dear has died since the incident which precipitated this Complaint.

32.   Defendant Judge Lawrence Knipel is a Judicial Officer and Administrative Judge for Civil Matters assigned to the New York State Supreme Court for Kings County (hereafter "Judge Knipel"). He is sued here in his official capacity.

## ADDITIONAL FACTUAL ALLEGATIONS

33.   On or about November 13, 2014, Defendant Mirbourne NPN 2 LLC (hereinafter "Defendant Mirbourne") commenced a foreclosure action against Walker, among others, in Supreme Court of the State of New York, County of Kings. (Index No. 510700/2014.)

34.   Plaintiff was and is the owner of the Property known as 494 Halsey Street located in the City and State of New York, County of Kings (hereafter the "Property").

35.   On or about March 22, 2016, the parties entered into a Stipulation (So Ordered by Defendant Judge Noach Dear, New York State Supreme Court, Kings County on March 29, 2016) allowing Plaintiff to sell the Property and thereby payoff the mortgage and end the foreclosure action.

36.   The Stipulation provided in part that, if Plaintiff did not sell the Property within a six month time-period Defendant would obtain title to the property for the purpose of selling same in a reasonably commercial fashion with the proceeds of such sale to pay the full amount due under the note and mortgage, with any overage from the sale exclusive of closing costs, attorney fees and realtor fees, to be remitted by Defendant Mirbourne to the trust account of Plaintiff in this action.

7

37.     Plaintiff was unable to sell the Property within the allotted time period and Defendant Mirbourne then moved to enforce the Stipulation.

38.     On October 6, 2016, Defendant Judge Dear granted Defendant Mirbourne's motion and ordered that Defendant Mirbourne be made the title holder of the Property pursuant to the March 22, 2016 Stipulation.

39.     Plaintiff in this action later moved the Court to vacate the stipulation and for other relief based on fraud and misrepresentation pursuant to CPLR 5015(a)(3) and for lack of subject matter jurisdiction and lack of jurisdiction.

### THE UNLAWFUL DISPOSSESION OF PLAINTIFF FROM HIS PROPERTY

40.     On July 30, 2018, Defendant Judge Noach Dear summarily denied Plaintiff's motion without a hearing in violation of the 14th Amendment to the United States Constitution and due process of law.

41.     Also, on July 30, 2018, Defendant Judge Noach Dear issued a finding that Defendant Mirbourne was entitled to immediate and complete possession of the Property and further, Ordered that "The Kings County Sheriff's Office and the New York City Police Department are hereby commanded to remove and dispossess Van Douglas Walker and all other occupants from the Property (494 Halsey Street, Brooklyn, New York) unless expressly authorized to continue to stay at the Property by Plaintiff [Defendant Mirbourne in this action] in writing provided directly to the Sheriff, Constable or Marshall, said Sheriff or Marshall to execute this Order without notification."

42.     On August 3, 2018, Defendant Deputies from the Kings County Sheriff's Office arrived at Plaintiff's residence located at 494 Halsey Street, Brooklyn, New York, and forcibly removed Plaintiff, Plaintiff's five-year old daughter, and Plaintiff's 20-year-old son from the

Property. Defendant Kings County Sheriff's Deputy John Doe 1 and Defendant Kings County Sheriff's Deputy John Doe 2 entered Plaintiff's residence with hands on their service weapons, while Defendants Other Unknown Deputies and Supervisors from Defendant NYCSO stood by overwhelming and intimidating Plaintiff and his children, even as Plaintiff offered no resistance and cooperated fully with Defendants.

43.     Defendant Kings County Sheriff's Deputy John Doe 1 then stated to Plaintiff in sum and substance "we can do this the easy way, or the hard way." Defendant Kings County Sheriff's Deputy John Doe 1 further stated "I can arrest you in front of your daughter, and she will go to foster care."

44.     Plaintiff was then unaware that no legal basis or probable cause existed upon which Defendant Kings County Sheriff's Deputy John Doe 1 could have affected an arrest of Plaintiff. Instead, Plaintiff fearing that his 5-year-old daughter would be sent to foster care immediately complied, exited the Property.

45.     As Plaintiff exited the Property, he observed counsel for Defendant Mirbourne, Sean Lipsky, standing outside and smiling at Plaintiff as if pleased with what had just occurred. So not only did Defendant Mirbourne put the wheels in motion to violate Plaintiffs and deprive them of their rights, but a representative of Defendant Mirbourne was on Plaintiff's Property on the very the conspiracy was executed.

46.     The conduct of Defendants NYCSO, Kings County Sheriff's Deputy John Doe 1 and 2, and Other Deputies and Supervisors violated Plaintiffs right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures because Defendants lacked the requisite probable cause to arrest Plaintiff.

47.    Defendants Kings County Sheriff Deputies above-described conduct constituted

violations of Plaintiff's rights as provided for under the Fourth Amendment to the United States

Constitution. These rights include but are not limited to the right to be free from the threat of or

actual arbitrary and/or unreasonable use of force against him.

## THE FRAUDULENT DEED IN LIEU OF FORECLOSURE

48.    On January 17, 2019, Defendant Mirbourne recorded a Deed In Lieu of

Foreclosure for the Property, illegally seizing Plaintiff's Property as if by eminent domain.

49.    On April 29, 2019, Plaintiff's then Attorney in the Supreme Court action, Gail

Gray, wrote a letter to Defendant Judge Noach Dear wherein she expressed concerns related to

Defendant Mirbourne's recording of a Deed In Lieu of Foreclosure for the Property as follows:

> "In advance of the suggested adjourn date, I raise an additional issue for
> the Court's consideration. It has come to my attention that an unauthorized
> and invalid sales transaction has occurred. As the attached document
> demonstrates, in January 2019 Plaintiff Mirbourne recorded a purported
> "Deed In Lieu of Foreclosure," improperly signed by the Referee appointed
> in the instant action. The deed of course, is a Title Nullity because Your
> Honor already affirmatively awarded Mirbourne title to the subject property.
> See, NYSCEF Document No: 47. Furthermore, the Referee lacked
> Court-ordered authority to deliver the purported "Deed in Lieu of Foreclosure."
> "In light of this troubling title maneuver and potential manipulation as well as the
> clear intent of the March 22, 2016 Stipulation, I respectfully request that Your
> Honor issue an Order (a) voiding *nunc pro tunc*, the Referee's Deed and (b)
> requiring counsel for plaintiff to place all proceeds derived from the sale of the
> subject premises in escrow where such proceeds shall remain pending an
> accounting to determine "the remaining proceeds" to which my client is entitled
> and which, according to the explicit terms of the Stipulation, shall "be remitted to
> [his] counsel's attorney trust account." See, NYSCEF Doc. No, 29,"

50.     Despite Attorney Gail Gray's unambiguous revelation of an unauthorized and invalid sales transaction and title manipulation on the part of Defendant Mirbourne, Defendant Judge Noach Dear failed to issue the Order voiding *Nunc Pro Tunc* the Referee's Deed as requested. Instead, in February 2020, Defendant Judge Noach Dear issued a Judgment of Foreclosure and Sale for the Property.

51.     The invalid sales transaction Defendants conspired to complete and did complete plus the purported Deed in Lieu of Foreclosure recorded by Defendant Mirbourne and sanctioned by Defendant Judge Noach Dear together interfered with the personal, contractual and property rights of Plaintiff, individually and in his ownership of the Property, and violated his due process rights and rights of equal access to justice.

52.     Furthermore, when Plaintiff sought to bring Defendant Judge Dear's violations of his rights and the illegal seizure of his Property to the attention of the Court for a second time, Defendant Judge Lawrence Nipel, Administrative Judge for Civil Matters assigned to the New York State Supreme Court for Kings County, failed to properly monitor, review, or take corrective action concerning those decisions and/or orders issued by Defendant Judge Noach Dear as previously stated herein related to the improper summary dispossession of Plaintiff and his family from their residence, as well as those decisions and/or orders issued by Defendant Judge Noach Dear as previously stated herein related to his failure to void a blatantly invalid and unauthorized sales transaction and corresponding Deed in Lieu of Foreclosure recorded by Defendant Mirbourne, which interfered with the personal, contractual and property rights of Plaintiff, individually and in his ownership of the Property, and violated his due process rights and rights of equal access to justice.

53.     Specifically, Defendant Judge Knipel, among other things, reassigned the case from a new judge in the foreclosure part of Supreme Court, Kings County, not once but twice and denied his counsel a requested adjournment of a hearing despite the fact that such requests are routinely granted.

54.     Further, Defendant Attorney General James maintains authority and oversight over issues of Economic Justice, including deed theft and fraud.  The Attorney General's website and various press releases highlight her commitment to combating deed theft and fraud in New York. Defendant New York State Attorney General Letitia James failed to intervene on Plaintiff's behalf when Defendant Mirbourne recorded a purported Deed in Lieu of Foreclosure resulting from an unauthorized and invalid sales transaction, contributing to Defendant Mirbourne's interference with the personal, contractual and property rights Plaintiff, individually and in his ownership of the Property, and in violation of his due process rights and rights of equal access to justice.

## COUNT I
## CIVIL RIGHTS ACT OF 1964 AND NEW YORK STATE EXECUTIVE LAW, ARTICLE 15

55.     Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 47 of this Complaint.

56.     Defendants, on or about July 30, 2018 to the present, interfered with the personal, contractual and property rights of Plaintiff Mr. Walker, individually and in his ownership of the Property and retaliated against Plaintiff based on same, in violation of Civil Rights Act of 1964, Pub.L. 88-352, 78 Stat. 241 (1964) and New York State Executive Law, Article 15 (Human Rights Law, Fair Housing).

## COUNT II
## VIOLATION OF PLAINTIFFS' DUE PROCESS RIGHTS AND RIGHTS OF EQUAL ACCESS TO JUSTICE

57.     Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 49 of this Complaint.

58.     Defendants actions created a type of malicious prosecution based on their conspiracy to interfere and actual interference with Plaintiff's exercise of his rights to own Property and dispose of that Property in a manner that he deemed fit.  Defendants acts and omissions of interference violated Plaintiff's due process rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution [under 42 U.S.C. 1983]; Article I, sections 7, 11, and 12 of the New York State Constitution; Title VI of the Civil Rights Act; and New York State Equal Access to Justice Act, Chapter 439 of the Laws of 2015  on or about July 30, 2018 to the present. Plaintiff was denied notice of accusation, the right to confront his [would be] accusers, and of his presumption of innocence. Plaintiff has been deprived of significant liberty and property interests under the Due Process Clause of the Fourteenth Amendment to the United States Constitution (e.g., the ability to decide who may visit or enter his home and who may dispose of his Property).

59.     Defendants, on or about July 30, 2018, to the present denied Plaintiff's rights of Equal Justice by recourse to the laws under New York State Equal Access to Justice Act, Chapter 439 of the Laws of 2015.

## COUNT III
## VIOLATION OF RIGHT TO LIBERTY TO LIVE IN A LOCATION OF PLAINTIFF'S CHOOSING UNDER THE UNITED STATES CONSTITUTION [42 U.S.C. 1983] AND NEW YORK CONSTITUTION

60.    Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 52

of this Complaint.

61.    Defendants violated Plaintiff's rights of familial and personal privacy and liberty

under the First, Ninth and Fourteenth Amendments to the United States Constitution [under 42

U.S.C. 1983] and Article I, sections 7, 11, and 12 of the New York State Constitution, on or

about July 30, 2018, to the present.


## COUNT IV
## VIOLATION OF THE SECURITY AND PRIVACY OF PLAINTIFF'S HOME UNDER THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION [42 U.S.C. 1983], AND THE NEW YORK STATE CONSTITUTION

62.    Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 54

of this Complaint.

63.    Defendants NYCSO and Kings County Sheriff Deputies violated Plaintiff's rights

to the security and privacy of his home, and of persons located therein, under the Fourth (through

the Fourteenth Amendment) Amendment to the United States Constitution [under 42 U.S.C.

1983, and Article I, sections 7, 11, and 12 of the New York State Constitution.

64.    Specifically, the defendants barged into Plaintiff Mr. Walker's home to forcibly

remove him and his family, the other Plaintiffs herein, and falsely threatened to arrest him,

without an arrest or search warrant and absent exigent circumstances, on or about August 3,

2018.  Neither Defendants Mirbourne, Defendant NYCSO, Kings County Sheriff Deputies John

14

Does 1 and 2, or the other Deputies and Supervisors of Defendant NYCSO had any business

intruding into the [constitutional] privacy and security of Plaintiff's Property [and persons

located therein] on or about August 3 2018, or at any other time, without a valid warrant or

probable cause, and absent any exigent circumstances, to carry out an action concerning the

March 22, 2016 Stipulation between the parties in a foreclosure action then pending in the

Supreme Court of the State of New York, County of Kings.

**COUNT V**
**FAILURE TO PREVENT CONSPIRACY TO DEPRIVE FEDERALLY PROTECTED
RIGHTS**

65.     Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 56

of this Complaint.

66.     Defendants failed to prevent among Defendant Mirbourne, Plaintiff's adversary

in the foreclosure action and other Defendants in this action, a conspiracy to deprive Plaintiff of

his Federally protected rights on or about July 30, 2018, to the present, in violation of 42 U.S.C.

1985 and 1986. Specifically, Defendants both perpetrated upon Plaintiffs and failed to prevent

the execution of a discriminatory and retaliatory trespass and eviction of Plaintiffs under 42

U.S.C. §3601; 42 U.S.C. §3604, §3617; 42 U.S.C. §12203, 34-18-46, 34-37-4, 34-37-5.1 and

New York State Executive Law, Article 15 (Human Rights Law, Fair Housing).

**COUNT VI**
**UNLAWFUL SEIZURE, AND EXCESSIVE FORCE**

67.     Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 58

of this Complaint.

68.     On or about August 3, 2018, Defendants NYCSO and the Deputies of Defendant

NYCSO threatened to execute a false arrest/imprisonment within the confines of Plaintiff's

lawful home, and against his family located therein, and send at least one of Plaintiff's children

15

immediately to foster care. Defendant Mirbourne violated 42 U.S.C. § 1983 for unreasonably seizing Plaintiff's Property and removing him and his family from his home where he lawfully resided and unlawfully threatening to arrest Plaintiff in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

69.     Defendants have committed abuses against Plaintiffs that shock the conscience and violate the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983 in removing them from their Property, depriving them of their Property, denying Plaintiff Mr. Walker equal access to justice as he tried to avail himself of the tools of the Court System of the State of New York, and using excessive force against Plaintiff Mr. Walker.

### COUNT VII
### MONELL - 42 U.S.C. section 1983

70.     Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 60 of this Complaint.

71.     Plaintiff alleges that the Office of the Sheriff of the City of New York is a governmental entity subject to suit pursuant to 42 U.S.C. § 1983 and Monell v. Dept. of Social Services, 436 U.S. 658 (1978)

72.     As against Defendants City of New York, Department of Finance, and Office of the Sheriff, individually and/or in their capacities as official policy-makers for the City, Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the Kings County Sheriff's Office, and are tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens such as Plaintiff.

73.   Plaintiff is informed and believes and thereon alleges that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by Defendants City of New York, Department of Finance, and Defendant NYCSO, and/or each of them, to the repeated violations of the constitutional rights of citizens by Sheriff Deputies from the Defendant NYCSO, which have included, but are not limited to, repeated acts of: making false reports, providing false and/or misleading information in causing detentions, arrests, imprisonments and/or malicious prosecutions based on fabricated and/or misleading statements and/or engaging in similar acts of misconduct on a repeated basis and failure to institute and enforce a consistent disciplinary policy and/or early warning system.

74.   Plaintiff is further informed and believes and thereon alleges that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by Defendants City of New York, Department of Finance, and Defendant NYCSO,  and/or each of them, to the repeated violations of the constitutional rights of citizens by the Kings County Sheriffs' Office which have included, but are not limited to, using excessive force on a repeated basis against persons like Plaintiffs.

75.   Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the proximate result of customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately hold Sheriff Deputies accountable for their misconduct, the failure to properly and fairly investigate complaints about Sheriff Deputy misconduct, the failure to enact or adopt policies to ensure adequate and/or appropriate oversight of Sheriff Deputies to prevent continuing violations of the rights of citizens.

76.    The aforementioned deliberate indifference, customs, policies, or practices by Defendants' City of New York, Department of Finance, and Defendant NYCSO, and/or each of them, resulted in the deprivation of the constitutional rights of Plaintiff.

77.    As a result of the violation of his constitutional rights by Defendants City of New York, Department of Finance, and Defendant NYCSO, and/or each of them, Plaintiff sustained the injuries and/or damages as alleged heretofore in this Complaint.

## COUNT VIII
## INVASION OF PRIVACY

78.    Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 67 of this Complaint.

79.    Defendants Kings County Sheriff Deputies invaded the personal seclusion and solitude of Plaintiff on or about August 3, 2018, in violation of Article I, sections 7, 11, and 12 of the New York State Constitution and New York State Executive Law, Article 15 (Human Rights Law, Fair Housing)

## COUNT IX
## TRESPASS

80.    Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 69 of this Complaint.

81.    Defendants Kings County Sheriff Deputies John Does 1 and 2 and the other Defendants Deputies and Supervisors trespassed on Plaintiff's lawfully owned premises, in violation of section Article I, sections 7, 11, and 12 of the New York State Constitution; New York State Executive Law, Article 15 (Human Rights Law, Fair Housing).

## COUNT X
## BREACH OF GOOD FAITH AND FAIR DEALING

2. Declare that Defendants Kings County Sheriff's Deputies used excessive force against

Plaintiff and otherwise violated Plaintiffs federal and state rights;

3. Enjoin any further violations of Plaintiffs' constitutional, statutory, and

common law rights;

4. Void the unauthorized and invalid sales transaction of the Property and the purported Deed in

Lieu of Foreclosure recorded by Defendant Mirbourne on January 17, 2019;

5. Declare that Defendant Judge Noach Dear violated Plaintiff's constitutional due process

rights;

6. Enjoin the New York State Supreme Court from the continuing the practices of Defendant

Judge Knipel as described herein;

7. Award Plaintiff attorney fees pursuant to the Civil Rights Attorney Fees Awards Act of 1976:

8. Award compensatory damages for injuries sustained by Plaintiffs;

9. Award special damages for injuries sustained by Plaintiffs;

10. Award punitive damages for injuries sustained by Plaintiffs, including punitive damages

under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

11. Award the Plaintiffs reasonable attorneys' fees and costs under 42 U.S.C.

§ 1988; and

12. Grant any other relief the Court deems necessary or proper.

Dated this _25_ day of April, 2022.


VAN DOUGLAS WALKER,
Self-Represented,
545 Halsey Street
Brooklyn, New York

## **VERIFICATION**

STATE OF NEW YORK, COUNTY OF _____ ss:

I, Van Douglas Walker, am the Plaintiff in the within action for Civil Rights Violations,

among other claims.  I have read the foregoing complaint and know the contents thereof. The

contents are true to my own knowledge except as to matters therein stated to be alleged upon

information and belief, and as to those matters, I believe them to be true.



Plaintiff's Signature


Subscribed and Sworn to
before me on _____



_____
NOTARY PUBLIC